```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

CODY JARROD CARRADINE                                      PLAINTIFF

VS.                       CIVIL ACTION NO. 5:17-cv-75-DCB-MTP

TONY NICHOLS and TRAVIS PATTON                            DEFENDANTS

                ORDER ADOPTING REPORT AND RECOMMENDATIONS

   This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 22)**, to which no objections were filed by the petitioner. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds the plaintiff's case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of the plaintiff's failure to prosecute or comply with numerous orders of the Court.

   Plaintiff Cody Jarrod Carradine ("Carradine") filed a complaint on June 6, 2017, indicating that his address was Adams County Sheriff's Office, 306 State Street, Natchez, Mississippi 39120. On October 31, 2017, the Clerk of the Court attempted to mail an Order (docket entry 3) to Carradine at his address of record. The mail was returned as undeliverable. (docket entry 18).

   The Plaintiff has a duty to advise the Court of his current address. In numerous orders, the Court informed Carradine that

his failure to advise the Court of his current address would be deemed as a purposeful delay and a contumacious act that may result in the case being dismissed sua sponte, without prejudice, and without further written notice. (docket entry 22). On January 2, 2018, Magistrate Judge Parker entered an Order to Show Cause, directing Carradine to "show cause why the action should not be dismissed for failure to comply with the Court's orders." (docket entry 21). Carradine failed to respond to the Order and has not filed anything of record, or contacted the Court, in over four months.

On January 22, 2018, Magistrate Judge Parker filed his Report and Recommendation. He opines that the Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders. In cases such as this, Federal Rule of Civil Procedure 41(b) allows a trial court to use discretionary authority to dismiss an action sua sponte for the plaintiff's failure to prosecute or comply with any order of the court. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). The courts' power to dismiss complaints pursuant to Rule 41(b) "is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." Link,

2

370 U.S. at 629-31; see also Lopez v. Arkansas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). The plaintiff's failure to respond and prosecute this case is exactly the type of inaction that warrants Rule 41(b) dismissal.

In his Report and Recommendation, Magistrate Judge Parker recommends that this matter be DISMISSED without prejudice pursuant to Rule 41(b).

Accordingly,

THE COURT HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Parker **(docket entry 22)** as the findings and conclusions of this Court, and dismisses this matter without prejudice.

A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 5th day of June, 2018.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE